UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No: 5:14-cv-387-Oc-30TBS

ALPHONSO JAMES, SR., et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Alphonso James, Sr.'s Answer (Doc. 7), which this Court construes as a motion to dismiss Plaintiff's complaint. Plaintiff filed a response to the answer treating it as a motion to dismiss on August 4, 2014. (Doc. 12). James filed a reply to Plaintiff's response on August 13, 2014. (Doc. 17). The Court, having reviewed the construed motion, response, reply, and complaint, and being otherwise advised in the premises, concludes that the motion should be denied.

As a preliminary matter, James purports to file his answer on behalf of all four defendants. (Doc. 7 at 1). While James possesses the right to represent himself, because he is not a licensed attorney, he cannot represent the other defendants in this action. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (Emphasis added).); M.D. Fla.

L.R. 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court)."). Accordingly, the Court accepts the answer, construed as a motion to dismiss, only as to James. James is hereby warned that all future pleadings filed by him may only be filed on his own behalf and not on behalf of the other defendants in this case.[1]

## BACKGROUND

James, with assistance from the other defendants, (collectively "Defendants) filed various liens and other documents, such as UCC-1 Financing Statements, against several federal officers[2] and their spouses in the official records of Lee and Palm Beach Counties, Florida, and the Florida Secured Transaction Registry (the "Registry"). These liens and other documents purport to arise from various wrongs committed by the Federal Officers during James's 1995 criminal proceedings for possession of a firearm by a convicted felon. *See United States v. James*, No. 2:95-cr-33-FtM (M.D. Fla. 1995).

On July 3, 2014, Plaintiff filed a complaint on behalf of the Federal Officers seeking a declaration that the liens and other documents are null, void, and of no legal effect.

---

[1]Because the remaining three defendants, Dorothy Martin, Veronica Rogers, and David Dockery, Sr., failed to answer the complaint within the requisite time, pursuant to Federal Rule of Civil Procedure 55(a), clerk's default was entered as to these three defendants. (Docs. 16, 22). As of the date of this Order, Martin and Rogers have filed motions to set aside the clerk's default and file an answer out of time. (Doc. 24, 26). Plaintiff filed a response in opposition. (Doc. 25). These motions will be addressed by separate order.

[2]These officers include Judges Elizabeth A. Kovachevich, Steven D. Merryday, and John Steele; Magistrate Judge George Swartz; United States Attorney Paul Perez; and Assistant United States Attorneys ("AUSAs") Robert Barclift, Jeffrey Michelland, Douglas Molloy, and Russell Stoddard (collectively the "Federal Officers"). (Doc. 1 at 2-3).

(Doc. 1 at 31). Plaintiff also seeks injunctive relief prohibiting Defendants from filing similar liens and documents in the future and directing removal of the current liens and documents from the Official Records of Lee County, Official Records of Palm Beach County, and the Registry. (*Id.* at 31-32). Additionally, Plaintiff alleges claims against Defendants for conspiracy and asserting false and fraudulent claims for payment under the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(B), 3729(a)(1)(C), and for filing wrongful liens under § 679.625, Fla. Stat. (*Id.* at 32-37).

## **DISCUSSION**

### A. Subject Matter Jurisdiction

By his construed motion, James appears to argue that this Court lacks subject matter jurisdiction over the liens at issue in this case.[3] (Doc. 7). First, James contends that the Court does not have subject matter jurisdiction over common law liens filed in the official records of Florida and cannot declare those liens invalid because to do so would require the Court to declare an affidavit invalid, which would violate James's rights under the First Amendment. (Doc. 7 at 2). Next, James argues that the liens are foreign judgments that

---

[3]In his response, James argues that he does not contend that the Court lacks subject matter jurisdiction over the complaint. (Doc. 17 at 2). Instead, James contends that the Court lacks jurisdiction over the liens. (*Id.*). Because Plaintiff's complaint challenges the liens filed by James, James's challenge amounts to an attack of this Court's subject matter jurisdiction, and the Court addresses the challenge as such. And, regardless of the terminology employed by James to voice his challenge, as discussed more thoroughly below, the Court concludes that it has jurisdiction to consider the validity of the liens filed by James.

3

are protected under the Constitution and, therefore, this Court is incapable of declaring them invalid.[4] (*Id.* at 4, 5, 7-8; Doc. 17 at 2).

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a party may attack subject matter jurisdiction on either facial or factual grounds. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).[5] A facial challenge "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A facial challenge is entitled to the same safeguards accorded to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)—i.e., the court must accept the factual allegations of the complaint as true.[6] *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In contrast, in assessing a factual challenge, the court must examine "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d at 511). The challenge in this case is a facial challenge.

---

[4] James also argues that the filing of the complaint by AUSA Charles Harden is a violation of his oath of office and the Sarbanes-Oxley Act, citing 18 U.S.C. § 1519. (Doc. 7 at 3, 6, 8). Both contentions lack merit, and the Court patently rejects them without further discussion.

[5] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[6] When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Generally, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1345, which provides, in pertinent part, that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States."[7] Moreover, James's arguments that this Court lacks the power to declare the liens invalid are wholly without merit and unsupported by the law. Indeed, "it is now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation, and extortion in the form of 'liens' commonly filed by prisoners." *United States v. Barker*, 19 F. Supp. 2d 1380, 1383 (S.D. Ga. 1998).

James's tactics are not unique or new; courts across the United States have considered liens identical to those at issue in this case and have declared those liens invalid. *See, e.g.*, *United States v. McKinley*, 53 F.3d 1170, 1171-72 (10th Cir. 1995); *United States v. Leitner*, No. 3:10cv454/RS/CJK, 2011 WL 2532745 (N.D. Fla. June 6, 2011); *United States v. Williams*, 476 F. Supp. 2d 1368 (M.D. Fla. 2007); *United States v. Brum*, No. Civ.A 105CV110, 2005 WL 1606584 (E.D. Tex. July 1, 2005); *United States v. Martin*, 356 F. Supp. 2d 621 (W.D. Va. 2005); *United States v. Orrego*, No. 04 CV 0008 SJ, 2004 WL 1447954 (E.D. N.Y. June 22, 2004); *Barker*, 19 F. Supp. 2d 1380.[8]

---

[7] Subject matter jurisdiction also exists pursuant to federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1367.

[8] Based on these cases, James's citation to *Starr v. United States*, No. 9:92-cv-8051-KLR (S.D. Fla. 1992), is unpersuasive. (Doc. 17 at 2-3). James contends that this case supports his proposition that the Court is incapable of declaring the liens invalid; in fact, he implies that the liens in that case were not successfully removed. (*Id.*). First, a review of the docket reveals that the United States was successful in obtaining injunctive relief against Mr. Starr, which indicates the liens were likely invalidated and belies the proposition for which James contends this case stands. *Starr*, No. 9:92-cv-8051-KLR (Docs. 42, 64). Second, even if that case supported James's

Thus, subject matter jurisdiction exists such that this Court can consider the validity of the liens at issue and James's arguments to the contrary are frivolous. To the extent James seeks dismissal under Rule 12(b)(1), the motion is due to be denied.

**B. Miscellaneous Arguments**

James also appears to make various arguments alleging that the complaint is invalid. First, James argues that Plaintiff's allegations are moot because the liens do not require the signature of the lien debtor if the lien debtor fails to respond to the lien and the liens are properly perfected. (Doc. 7 at 5-6). In other words, James contends that the failure to respond to the liens amounts to an acceptance of the debts alleged therein. He further contends that only the lien debtors have the authority to contest the liens and that the United States may not do so on their behalf. (Doc. 7 at 3, 6). James's propositions, however, are unsupported by both federal and state law. *See United States v. Anderson*, No. 97 C 821, 1998 WL 704357, at *2 n.1 (N.D. Ill. Sept. 25, 1998) (concluding that the law does not support the contention that failing to object to a lien amounted to consent to the lien); *McKinley*, 53 F.3d at 1172 ("We are not familiar with a citizen-customer's authority to exact a consensual commercial lien from a public official, but it is a power that has no mooring in either federal or state law."); *see also Barker*, 19 F. Supp. 2d at 1383 (stating that the United States is empowered to contest liens filed against government officials on their behalf).

---

contention, the Court finds more persuasive the many cases that have held that this Court can consider and invalidate these types of liens.

Accordingly, James is not entitled to dismissal of the complaint on any of these grounds. As such, James must file an amended answer to the complaint that complies with Federal Rule of Civil Procedure 8 within fourteen (14) days of this Order. Specifically, an answer to a complaint must "state in short and plain terms its defenses to each claim asserted against it; and . . . *admit or deny the allegations*." Fed. R. Civ. P. 8(b)(1) (emphasis added). If James intends to deny all of the allegations of the complaint, he may do so by a general denial. Fed. R. Civ. P. 8(b)(3). Otherwise, James "must either specifically deny the designated allegations or generally deny all except those specifically admitted." *Id.*

## CONCLUSION

Because James is proceeding pro se, the Court will take the opportunity to inform James of some, but not all, of the procedural rules with which pro se litigants must comply.

1. All filings made in this Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.[9] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

2. James shall not correspond with the Court in letter form. Rather, James should file a pleading, motion, or notice in accordance with the Federal Rules of Civil Procedure and Local Rules. Each pleading, motion, or notice shall be presented in a separate document. The Court would specifically encourage James to review Federal Rule of Civil Procedure 7 and Local Rule 3.01 prior to filing any motions with the Court.

---

[9]The Local Rules are available from www.flmd.uscourts.gov/LocalRules.htm. James is also encouraged to review and consult the "Guide for Proceeding Without a Lawyer," available at www.flmd.uscourts.gov/pro_se/default.htm.

3. James is required to timely respond to all motions filed by Plaintiff. Under Local Rule 3.01(b), James has fourteen (14) days after service of a motion in which to file his response.

4. James shall not attempt to correspond directly with a judge or magistrate judge. Judges will not, as a matter of policy, respond to personal correspondence pertaining to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, judges' decisions and opinions are, quite properly, only delivered in response to legal instruments filed with the clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a judge or magistrate judge.

5. Each pleading, motion, or notice must include a caption, a brief title which describes the nature of the document, the party's name and signature, and a Certificate of Service. All pleadings filed with the Court by James must bear an original signature or the pleading will be stricken. The party's signature serves as his or her certification under Federal Rule of Civil Procedure 11(b) that (1) the document is not submitted for any improper purpose, (2) the claims, defenses, and legal contentions presented therein are warranted by existing law, (3) there exists reasonable factual support for the allegations and assertions made therein, and (4) the denials of factual contentions are warranted on the evidence. The failure to comply with Rule 11 can result in the imposition of sanctions. Fed. R. Civ. P. 11(c).

6. All pleadings, motions, and notices shall contain a signed Certificate of Service, which serves as the party's certification that he or she has complied with Federal Rule of

Civil Procedure 5 by serving on every other party to the action (or his or her attorney) a copy of the subject pleading, motion, or notice.  The Certificate of Service must contain the date the subject pleading, motion, or notice was served on the other parties to the action (or their attorneys) and the means by which such service was made.

7.  James shall immediately advise the Court of any change of address by filing a document entitled "Notice of Change of Address."  This notice shall contain *only* information pertaining to the address change and the effective date of the change.

8.  If Plaintiff files a motion for summary judgment, James has fourteen (14) days to file his response, with three additional days for mailing.  M.D. Fla. L.R. 3.01(b); Fed R. Civ. P. 6(d).  Before preparing a response, James should review the provisions of Federal Rule of Civil Procedure 56.  If James does not file a response to the motion for summary judgment within fourteen days, the Court may decide the motion without further notice.

9.  Although James is proceeding pro se, he is again reminded that his pro se status does not relieve him of the obligation to comply with the Federal Rules of Civil Procedure and the Local Rules.  While the Court has highlighted some of the applicable rules above, this Order is neither comprehensive nor does it purport to set forth all of the obligations to which James must adhere.  Accordingly, James should not rely on this Order as completely enumerating his duties and obligations or limiting those duties and obligations to the rules discussed herein.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  James' construed motion to dismiss (Doc. 7) is DENIED.

2. James is directed to file an amended answer to the complaint in compliance with the Federal Rules of Civil Procedure within fourteen (14) days of the date of this Order.

DONE AND ORDERED at Tampa, Florida on this 14th day of October, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-387 USA v. James et al. MTD.docx