**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No:  5:14-cv-387-Oc-30TBS

ALPHONSO JAMES, SR., et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants Dorothy Martin and Veronica Rogers's motions seeking leave to file answers out of time and, by implication, to set aside the clerk's entry of default (Docs. 24, 26) and Plaintiff's response in opposition thereto (Doc. 25).  For the reasons that follow, Martin and Rogers's motions are due to be granted to the extent that the Court will provide Martin and Rogers fourteen (14) days to file an amended answer to Plaintiff's complaint.

On July 3, 2014, Plaintiff initiated this action against Alphonso James, Sr., Dorothy Martin, Veronica Rogers, and David Dockery, Sr. (collectively "Defendants") seeking a declaration that various liens and other documents filed against federal officers by Defendants in the public records of Florida are null, void, and of no legal effect.  (Doc. 1 at 31).  Plaintiff also seeks injunctive relief prohibiting Defendants from filing similar liens and documents in the future and directing removal of the current liens and documents from

the public records of Florida. (*Id.* at 31-32). Additionally, Plaintiff alleges claims against Defendants for conspiracy and asserting false and fraudulent claims for payment under the False Claims Act, 31 U.S.C. §§ 3729(a)(1)(B), 3729(a)(3), and for filing wrongful liens under § 679.625, Fla. Stat. (*Id.* at 32-37).

Plaintiff effectuated service on Martin and Rogers on July 19, 2014. (Docs. 10, 11) Accordingly, Rogers and Martin were required to file their responses to the complaint on or before August 11, 2014. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Because Martin and Rogers did not respond to the complaint as of August 11, 2014, Plaintiff filed a motion seeking entry of a clerk's default as to both Martin and Rogers. (Doc. 13). Pursuant to Federal Rule of Civil Procedure 55(a), clerk's default was entered against Martin and Rogers on August 13, 2014. (Doc. 16). Both Martin and Rogers now seek to file answers to Plaintiff's complaint. (Docs. 24, 26).

Under Federal Rule of Civil Procedure 6(b)(1)(B), "the court may, for good cause, extend the time [for filing a response] . . . on motion made after the time [to respond] has expired if the party failed to act because of excusable neglect." However, once entry of default has been made, such motion is governed by Federal Rule of Civil Procedure 55(c). In accordance with Rule 55(c), "[t]he court may set aside an entry of default for good cause."

> Good cause is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note that these factors are not talismanic, and that courts have

2

>    examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996) (citations and internal quotation marks omitted).

Although the explanations provided by Martin and Rogers for failing to respond to the complaint are not supported by specific facts and are likely not credible, the Court finds sufficient good cause to set aside the clerk's entry of default as to Martin and Rogers. First, insufficient evidence exists that Martin and Rogers's failure to respond to the complaint was culpable or willful. Both Martin and Rogers are proceeding pro se in this case. "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Martin and Rogers allege that they were unable to respond to the complaint due to hospitalization. (Docs. 24, 26). The more likely explanation for their failure to respond to the complaint, however, was that they believed the answer—construed as a motion to dismiss by the Court—filed by James on behalf of all defendants constituted a sufficient answer to the complaint on their behalf. (*See* Doc. 7). It was probably not until Plaintiff filed its response to James's answer, construed as a motion to dismiss, that Martin and

Rogers became aware that James could not answer the complaint on their behalf.[1] Within approximately two months of the revelation of this information, both Martin and Rogers moved to file their answers out of time. (Docs. 24, 26). Whether the Court accepts the explanations of Martin and Rogers or believes that their failure to respond was the result of their mistaken belief regarding James's propensity to represent their interests in this action, it does not appear that their failure to respond to the complaint was willful and culpable.

Second, the Court finds that the prejudice to Plaintiff in setting aside the entries of default is outweighed by the prejudice to Martin and Rogers if they are not permitted to defend themselves in this action. Plaintiff alleges that it will suffer prejudice if the entry of default is set aside because it will have to expend further resources to bring this suit to conclusion against Martin and Rogers. (Doc. 25 at 6-7). However, since Plaintiff must still pursue this case against Defendant James, the additional expense of including Martin and Rogers is likely not significant. And, although Plaintiff alleges that the relief it seeks is primarily non-monetary, it still plans to pursue monetary damages against Martin and Rogers. (Doc. 25 at 8-9). Last, the case has not progressed to such a stage that allowing Martin and Rogers an opportunity to present a defense would be detrimental to the progress of the case. Thus, in balancing the interests of the parties, the Court finds that the scales are tipped slightly in favor of Martin and Rogers with regard to potential prejudice.

---

[1] In its response, Plaintiff informed James that he could not represent the other defendants in this action. (Doc. 12 at 1-2).

Finally, as noted by Plaintiff, Martin and Rogers have failed to set forth a meritorious defense. Rather, the "Affidavit[s] of Truth" filed by Martin and Rogers[2] contain identical language and arguments to those employed by James in his construed motion to dismiss, which this Court denied. (*See* Docs. 7, 27). Thus, the Court does not accept the answers provided by Martin and Rogers in their "Affidavit[s] of Truth." (Docs. 24, 26). However, Defendant James was provided an opportunity to file an amended answer in compliance with the Federal Rules of Civil Procedure. (Doc. 27). The Court finds that Martin and Rogers should be provided the same opportunity to correct their deficient answers.

**<u>CONCLUSION</u>**

First, Martin and Rogers are hereby reminded that although they may represent themselves in this case, they may not accept representation from James. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (Emphasis added).); M.D. Fla. L.R. 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court).").

---

[2]The Court notes that Martin failed to sign her "Affidavit of Truth," submitted as her purported answer to Plaintiff's complaint. (Doc. 24).

Second, because Martin and Rogers are proceeding pro se, the Court will take the opportunity to inform Martin and Rogers of some, but not all, of the procedural rules with which pro se litigants must comply.

1. All filings made in this Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.[3] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

2. Martin and Rogers shall not correspond with the Court in letter form. Rather, Martin and Rogers should file a pleading, motion, or notice in accordance with the Federal Rules of Civil Procedure and Local Rules. Each pleading, motion, or notice shall be presented in a separate document. The Court would specifically encourage Martin and Rogers to review Federal Rule of Civil Procedure 7 and Local Rule 3.01 prior to filing any motions with the Court.

3. Martin and Rogers are required to timely respond to all motions filed by Plaintiff. Under Local Rule 3.01(b), Martin and Rogers have fourteen (14) days after service of a motion in which to file a response.

4. Martin and Rogers shall not attempt to correspond directly with a judge or magistrate judge. Judges will not, as a matter of policy, respond to personal correspondence pertaining to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties.

---

[3]The Local Rules are available from www.flmd.uscourts.gov/LocalRules.htm. Martin and Rogers are also encouraged to review and consult the "Guide for Proceeding Without a Lawyer," available at www.flmd.uscourts.gov/pro_se/default.htm.

Accordingly, judges' decisions and opinions are, quite properly, only delivered in response to legal instruments filed with the clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a judge or magistrate judge.

    5. Each pleading, motion, or notice must include a caption, a brief title which describes the nature of the document, the party's name and signature, and a Certificate of Service. All pleadings filed with the Court by Martin and Rogers must bear an original signature or the pleading will be stricken. The party's signature serves as his or her certification under Federal Rule of Civil Procedure 11(b) that (1) the document is not submitted for any improper purpose, (2) the claims, defenses, and legal contentions presented therein are warranted by existing law, (3) there exists reasonable factual support for the allegations and assertions made therein, and (4) the denials of factual contentions are warranted on the evidence. The failure to comply with Rule 11 can result in the imposition of sanctions. Fed. R. Civ. P. 11(c).

    6. All pleadings, motions, and notices shall contain a signed Certificate of Service, which serves as the party's certification that he or she has complied with Federal Rule of Civil Procedure 5 by serving on every other party to the action (or his or her attorney) a copy of the subject pleading, motion, or notice. The Certificate of Service must contain the date the subject pleading, motion, or notice was served on the other parties to the action (or their attorneys) and the means by which such service was made.

7. Martin and Rogers shall immediately advise the Court of any change of address by filing a document entitled "Notice of Change of Address." This notice shall contain *only* information pertaining to the address change and the effective date of the change.

8. If Plaintiff files a motion for summary judgment, Martin and Rogers have fourteen (14) days to file their responses, with three additional days for mailing. M.D. Fla. L.R. 3.01(b); Fed R. Civ. P. 6(d). Before preparing a response, Martin and Rogers should review the provisions of Federal Rule of Civil Procedure 56. If Martin and Rogers do not file responses to the motion for summary judgment within fourteen days, the Court may decide the motion without further notice.

9. Although Martin and Rogers are proceeding pro se, they are again reminded that their pro se status does not relieve them of the obligation to comply with the Federal Rules of Civil Procedure and Local Rules. While the Court has highlighted some of the applicable rules above, this Order is neither comprehensive nor does it purport to set forth all of the obligations to which Martin and Rogers must adhere. Accordingly, Martin and Rogers should not rely on this Order as completely enumerating their duties and obligations or limiting those duties and obligations to the rules discussed herein.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Martin and Rogers's motions seeking leave to file answers out of time and, by implication, to set aside the clerk's entry of default (Docs. 24, 26) are GRANTED IN PART to the extent that the entry of clerk's default will be set aside.

2. Within fourteen (14) days of the date of this Order, Martin and Rogers are directed to file amended answers to Plaintiff's complaint that comply with the Federal

8

Rules of Civil Procedure.  Failure to file an amended answer within fourteen (14) days may result in another entry of clerk's default.

    3.  The Clerk is directed to mail a copy of this Order to Martin and Rogers.

DONE AND ORDERED at Tampa, Florida on this 14th day of October, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-387 USA v. James et al. Mot. to File Ans. Out of Time.docx